UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERTO CASTRO,

                                         :     09 Civ. 3754 (WHP) (GWG)

        Plaintiff,

                                         :     OPINION AND ORDER

      -v.-

                                         :

TOM MITCHELL et al.,

                                         :

        Defendants.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

APPEARANCES OF COUNSEL:

Jennese Torres, Esq., Torres & Urbaez, P.C., Bronx, NY, for plaintiff

Jared M. Lefkowitz, Law Offices of Jared M. Lefkowitz, New York, NY, for defendant David Rodriguez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERTO CASTRO,

                                                               :       09 Civ. 3754 (WHP) (GWG)

            Plaintiff,

                                                              :       OPINION AND ORDER

      -v.-

                                                               :

TOM MITCHELL et al.,

                                                               :

            Defendants.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Roberto Castro filed this employment discrimination suit against the City of New York, the Department of Education of the City of New York, and the Service Employee International Union, as well as against two individuals, Tom Mitchell and David Rodriguez. In response, Rodriguez filed a motion to dismiss the claims against him individually, in which he sought sanctions against Castro and his attorney under Rule 11 of the Federal Rules of Civil Procedure. This request for sanctions did not comply with Rule 11 because it was not made separately from the motion to dismiss, and thereafter Rodriguez filed a second motion for sanctions. That motion, however, was also procedurally improper because Rodriguez did not wait until 21 days after service of the motion on Castro before he filed it. Castro has since voluntarily withdrawn his claim against Rodriguez. Because Rodriguez's motion does not comply with Rule 11's procedural requirements, and because the imposition of sanctions sua sponte is not warranted here, Rodriguez's motion for Rule 11 sanctions is denied.

I.      BACKGROUND

      Castro filed this action pro se on April 13, 2009. See Complaint, filed Apr. 13, 2009 (Docket # 2). On September 14, 2009, Rodriguez, through counsel, sent a letter to District Judge

William H. Pauley indicating his intention to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the ground that "Mr. Rodriguez is an individual, not an employer, and is therefore not personally liable under Title VII or the ADEA." See Memorandum Endorsement, filed Sept. 22, 2009 (Docket # 13). On September 28, 2009, an attorney, Jennese Torres, submitted a letter to Judge Pauley, notifying the Court that she had been retained by Castro. See Letter from Jennese A. Torres to Hon. William H. Pauley, filed Oct. 14, 2009 (Docket # 14). After a pretrial conference held on November 13, 2009, Judge Pauley issued a scheduling order permitting Castro to file an amended complaint by December 18, 2009. See Scheduling Order, filed Nov. 18, 2009 (Docket # 17). Castro, through his attorney, filed an amended complaint on December 18, 2009 that once again named Rodriguez as a defendant. See Amended Complaint, filed Dec. 18, 2009 (Docket # 18).

On January 20, 2010, Rodriguez filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). See Notice of Motion, filed Jan. 20, 2010 (Docket # 23). His notice of motion and memorandum of law also sought sanctions against Castro and Torres pursuant to Fed. R. Civ. P. 11. See id.; Memorandum of Law in Support of Defendant David Rodriguez's Motion to Dismiss, filed Jan. 20, 2010 (Docket # 24), at 9-11. This motion was in violation of Fed. R. Civ. P. 11(c)(2), however, which requires that a Rule 11 motion be made "separately from any other motion."

Accordingly, on February 17, 2010, Rodriguez both served and filed a new motion under Rule 11 that sought only sanctions and no other relief. See Notice of Motion, filed Feb. 17, 2010 (Docket # 31); Memorandum of Law in Support of Defendant David Rodriguez's Motion for Sanctions, filed Feb. 17, 2010 (Docket # 32). On April 7, 2010, Judge Pauley "so ordered" a

2

stipulation signed by counsel for plaintiff and Rodriguez dismissing plaintiff's claims against Rodriguez with prejudice.  See Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), filed Apr. 7, 2010 (Docket # 37).  Judge Pauley then referred the sanctions motion to the undersigned, see Order of Reference to a Magistrate Judge, filed Apr. 15, 2010 (Docket # 38), following which Castro's attorney filed an affirmation in opposition to the motion, see Plaintiffs' Opposition to Defendant's Motion for Sanctions, filed Apr. 16, 2010 (Docket # 40), and Rodriguez filed reply papers, see Reply Affirmation, filed Apr. 23, 2010 (Docket # 42); Reply Memorandum of Law in Further Support of Defendant David Rodriguez's Motion for Sanctions, filed Apr. 23, 2010 (Docket # 43).

On May 13, 2010, this Court issued an order directing Rodriguez to show cause why his Rule 11 motion should not be denied inasmuch as it had been filed within 21 days of its service on Castro in violation of Rule 11(c)(2).  See Order, filed May 14, 2010 (Docket # 44).  The Order noted that Rule 11 motions filed less than 21 days after service must be denied and that the pending motion was served and filed on the same day, February 17, 2010.  Id.  It also noted that the previously-filed motion for sanctions (Docket # 20), filed on January 20, 2010, was invalid because it had not been made separately from the motion to dismiss as required by Fed. R. Civ. P. 11(c)(2).  Id. at 1 n.1.  Finally, the Order indicated that Rodriguez's motion for sanctions could not be refiled inasmuch as the challenged claim had since been withdrawn by stipulation. Id. at 1.  Both parties submitted letters in response to the Court's Order.  See Letter from Jared M. Lefkowitz, dated May 17, 2010 (Docket # 46) ("Lefkowitz Letter"); Letter from Jennese Torres, dated May 28, 2010 (Docket # 47).

II.     DISCUSSION

     A.     Whether the Pending Motion is Valid

In disposing of a motion for Rule 11 sanctions, a district court "must adhere to the procedural rules which safeguard due process rights." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 58 (2d Cir. 2000); accord Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51-52 (2d Cir. 2008) (affirming district court's refusal to hold a Rule 11 hearing where movants "failed to meet the procedural requirements of Rule 11(c)"), cert. denied, 129 S. Ct. 946 (2009); Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002) ("The district court's awarding of sanctions . . . in contravention of the explicit procedural requirements of Rule 11 was . . . an abuse of discretion."). Rule 11 requires that a motion for sanctions "be made separately from any other motion and . . . describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In addition, once the motion is served under Rule 5, "it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id. This provision, commonly known as the "safe harbor provision," permits the subject of a sanctions motion "the opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir. 2003). A motion that fails to comply with the safe harbor provision of Rule 11 must be denied. See, e.g., Bryant v. Britt, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (because movant "failed to comply with Rule 11(c)[(2)]," court found "no error in the district court's decision" to deny sanctions); Homkow v. Musika Records, Inc., 2009 WL 721732, at *20 (S.D.N.Y. Mar. 18, 2009) ("If a party seeking Rule 11 sanctions fails to comply with the

safe-harbor provision . . . the motion must be denied."); Libaire v. Kaplan, 2008 WL 794973, at *15 (E.D.N.Y. Mar. 24, 2008) ("Notwithstanding [plaintiff's violation of Rule 11], defendants are not entitled to sanctions under Rule 11 due to their failure to comply with the safe harbor provision embodied in Rule 11(c) . . . ."); Rojas v. Theobald, 2007 WL 2455133, at *9- 10 & n.8 (E.D.N.Y. Aug. 23, 2007) (denying motion for sanctions "for failure to comply with the 'safe harbor' provision of Rule 11"), aff'd, 319 F. App'x 43 (2d Cir. 2009); O'Callaghan v. Sifre, 242 F.R.D. 69, 75-76 (S.D.N.Y. 2007) (same); Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc., 447 F. Supp. 2d 329, 341 (S.D.N.Y. 2006) (same).

Rodriguez does not deny that, after serving the motion for sanctions on Castro, he failed to wait 21 days before filing it with the court. He argues, however, that it was not necessary for him to do so in light of statements made at a conference before Judge Pauley on November 13, 2009. See Lefkowitz Letter at 1-3. There is no transcript of the November 13 conference. Instead, Rodriguez's attorney recounts that at the conference he "explained to the Court that the claims against Mr. Rodriguez were meritless." Id. at 1. The only statements he attributes to Judge Pauley are contained in the following paragraph:

> I advised Judge Pauley at the November 13, 2009 conference that I sought reimbursement of Mr. Rodriguez's attorneys fees in this action pursuant to Rule 11. In that regard, Judge Pauley then asked Ms. Torres whether she intended to serve an amended complaint. Ms. Torres indicated that she would be amending the complaint and the Court set December 18, 2009 as the deadline to do so.

Id. at 2. Rodriguez's attorney then goes on to characterize Judge Pauley as being "dismayed by the actions and behavior of Ms. Torres." Id. He conjectures that "it was clear to [Judge Pauley] that the complaint should immediately be dismissed as against Mr. Rodriguez." Id. He concludes that it was his "understanding and belief based upon all of the conduct and

5

circumstances that Judge Pauley was setting the time period for an amended complaint, from November 13, 2009 to December 18, 2009, as the 'safe harbor' period." Id. He adds that his "understanding" on this matter "was bolstered because the Scheduling Order states that the deadline for 'motions to dismiss' was January 15, 2010, with opposition due by February 5, 2010." Id. at 3. He notes that "the briefing schedule [for motions to dismiss] does not contemplate the time needed to serve, wait 21 days, and then file a contemplated Rule 11 motion because Ms. Torres had stated to the Court at the conference that she would avail herself of the safe harbor period." Id.

     Rodriguez's argument is not entirely clear, particularly since he has not cited any case law in support. To the extent he is arguing that Judge Pauley's statements at the conference eliminated the safe harbor time period for any future sanctions motion by Rodriguez, that argument is easily rejected as nothing recited by counsel suggests that Judge Pauley was doing so. Nor can any of these statements be construed as an effort by Judge Pauley to sua sponte impose sanctions, as is permitted by Rule 11(c)(3). See Part II.C below.

     It appears instead that Rodriguez may be arguing (1) that the statements made by Rodriguez's counsel at the November 13 conference were sufficient notice of the "specific conduct that allegedly violates Rule 11(b)" as required by Rule 11(c)(2), and therefore the later filing of the motion for sanctions was proper; and/or (2) that Judge Pauley was altering the safe harbor time period by means of the Scheduling Order, see Rule 11(c)(2) (motion for sanctions is to not be filed until 21 days after service "or within another time the court sets"). We address these arguments separately.

6

        1.        <u>Statements at a Conference Do Not Constitute Notice Under Rule 11(c)</u>

Under Fed. R. Civ. P. 11(c)(2), Rodriguez was required to "ma[k]e" a motion that "describe[d] the specific conduct that allegedly violate[d] Rule 11(b)." He was also required to serve the motion under Rule 5. <u>See</u> <u>id.</u>

The language of the Rule makes no provision for oral or informal notice. Case law similarly confirms that a written motion must be served upon the adverse party in order to comply with Rule 11(c)(2). <u>See, e.g.</u>, <u>Roth v. Green</u>, 466 F.3d 1179, 1192 (10th Cir. 2006) ("Contrary to defendants' arguments . . . the plain language of subsection (c)([2]) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion."), <u>cert. denied</u>, 552 U.S. 814 (2007); <u>Schenectady Indus. Corp. v. Upstate Textiles, Inc.</u>, 689 F. Supp. 2d 282, 296 (N.D.N.Y. 2010) (citing <u>Roth</u>, 466 F.3d at 1192); Fed. R. Civ. P. 11 advisory committee's note ("To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, . . . the 'safe harbor' period begins to run <u>only upon service of the motion</u>." (emphasis added)). As one case has noted,

> the plain language of the Rule expressly requires the serving of a formal motion, and with good reason, for by serving such a motion a movant itself certifies to its own compliance with Rule 11 in bringing such a motion and thus places its adversary on notice that the matter may not be viewed as simply part of the paper skirmishing among adversaries that too often characterizes litigation in this uncivil age.

<u>Diamonds.net LLC v. Idex Online, Ltd.</u>, 254 F.R.D. 475, 476 (S.D.N.Y. 2008) (citation omitted); <u>accord</u> <u>Gal v. Viacom Int'l, Inc.</u>, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("It does not seem overly demanding to require counsel to comply with the clear directives of Rule 11 when seeking sanctions under that rule.").

Courts have held that even a letter detailing the nature of the conduct which purportedly violates Rule 11 and threatening to file a motion for sanctions cannot constitute notice under Rule 11. See, e.g., Schenectady Indus. Corp., 689 F. Supp. 2d at 296 ("The two letters sent by defense counsel . . . warning of [their] intentions to move for sanctions under Rule 11 are not a valid substitute for service of a copy of the actual motion 21 days before it is filed with the court."); Gal, 403 F. Supp. 2d at 309 ("the rule states explicitly that service of the motion itself is required to begin the safe harbor clock – the rule says nothing about the use of letters"); Jawbone, LLC v. Donohue, 2002 WL 1424587, at *7 (S.D.N.Y. June 28, 2002) ("The September 25 letter of plaintiff's counsel does not satisfy . . . Rule 11 . . . [which] does not provide for informal notice of an intent to file a motion for sanctions, for example by letter." (emphasis in original)); Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 305 (S.D.N.Y. 1997) (even where plaintiff's behavior was sanctionable and court had allowed for shortened safe harbor period, motion had to be denied because defendant had served a letter instead of a copy of the motion itself). Thus any statement by counsel or even Judge Pauley at the pre-trial conference was insufficient to constitute compliance by Rodriguez with Rule 11(c)(2).

### 2. The Scheduling Order Did Not Establish an Alternative Framework for Providing Notice

Rule 11(c)(2) permits a Court to change the 21-day period in the safe harbor provision to "another time the court sets." But nothing in the Scheduling Order issued by Judge Pauley suggests that Judge Pauley was setting some other safe harbor time period inasmuch as the Scheduling Order makes no reference to a motion for sanctions. See Scheduling Order, filed Nov. 18, 2009 (Docket # 17). Instead, it refers only to "motions to dismiss." Id. Given that a

motion for sanctions must be made separately from any other motion, including a motion to dismiss, see Fed. R. Civ. P. 11(c)(2), there is nothing to indicate that the Scheduling Order was intended to have any impact on the procedural protections of Rule 11.

A similar argument was rejected in Homkow, 2009 WL 721732, at *21. The movant in Homkow conceded that he failed to comply with the safe harbor provision, but argued that "the District Court essentially waived the requirement . . . by authorizing Plaintiff's motion against Defendants," noting further that the court had "conformed its . . . Scheduling Order to the requirements of the [Rule] by providing Defendants with twenty days to respond to the Sanctions Motion." Id. The court in Homkow characterized such arguments as "misplaced and unpersuasive," noting that the Scheduling Order was "in no way intended to speak to the merits of any such motion." Id.

B.   Whether Denial of the Motion Should Be With Prejudice

Rodriguez contends that if his motion is denied he is entitled to refile it even though Castro has dismissed his claim against him. See Lefkowitz Letter at 3-4. Rodriguez asserts that "there is no possible remedy other than the voluntary payment of Mr. Rodriguez's legal fees. There is nothing which plaintiff could possibly do to undue [sic] the legal fees already incurred by Mr. Rodriguez which we seek to recover." Id. at 3. In other words, Rodriguez contends that if the instant motion is denied, and he then refiles a motion for sanctions, plaintiff can take no act to avoid the imposition of Rule 11 sanctions.

Rodriguez cites to no legal authority for his argument. Moreover, it does not comport with the wording of the Rule, which does not contemplate the filing of a motion when there is no pleading or other paper before the Court that violates Rule 11(b). Case law has repeatedly

recognized this principle. Thus, in <u>In re Pennie & Edmonds LLP</u>, 323 F.3d 86 (2d Cir. 2003), the Second Circuit noted that Rule 11 "functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." <u>Id.</u> at 89 (listing cases and noting that "[t]he Advisory Committee on Civil Rules contemplated that Rule 11 motions would be deemed untimely if filed too late to permit correction or withdrawal"); <u>accord</u> <u>Homkow</u>, 2009 WL 721732, at *20 ("A party cannot bypass the safe-harbor requirement by submitting the motion at a point in the litigation in which it is no longer possible for the offending party to correct or retract the allegedly sanctionable statement." (listing cases)); <u>Rojas</u>, 2007 WL 2455133, at *9-10 (defendant's Rule 11 motion denied because "motion was filed after all of Plaintiffs' claims against him had been dismissed or withdrawn" and thus "Plaintiffs could no longer withdraw their challenged claims"); <u>Langdon v. Cnty. of Columbia</u>, 321 F. Supp. 2d 481, 484-45 (N.D.N.Y. 2004) ("Because a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn, it follows that a party cannot wait to seek sanctions until after the contention has been judicially disposed. . . . Rule 11 does not permit the court to entertain motions for sanctions filed after the conclusion of the case or judicial rejection of the offending contention." (internal quotation marks and citation omitted)). "[O]ne purpose of the 21-day safe harbor is to provide an incentive to opposing attorneys to file Rule 11 motions promptly: delay past the point at which a pleading or motion may be amended or withdrawn may work a forfeiture of Rule 11 remedies." <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 579 F.3d 143, 154 (2d Cir. 2009).

In sum, because the claims against Rodriguez were voluntarily dismissed on April 7, 2010, there are no longer any pleadings or other papers to which a sanctions motion can be addressed.

C. *Sua Sponte* Rule 11 Sanctions

Rule 11 permits a court to impose sanctions sua sponte "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1); see also id. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). But a court cannot impose sanctions after a party is no longer able to withdraw or amend its challenged pleading unless the court makes a finding of subjective bad faith. See In re Pennie & Edmonds LLP, 323 F.3d at 91 (Where the sanctions are "initiated by the District Court . . . long after [the party] had an opportunity to correct or withdraw the challenged submission . . . a 'bad faith' standard, applicable for contempt proceedings, is especially appropriate and is what the rule-makers contemplated."); accord ATSI Commc'ns, Inc., 579 F.3d at 150 (citing In re Pennie & Edmonds LLP, 323 F.3d at 91); see also Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995) (imposing sanctions sua sponte requires conduct "akin to a contempt of court") (quoting Fed. R. Civ. P. 11 advisory committee's note). Here, there is no evidence of subjective bad faith. Thus, there is no basis for the imposition of Rule 11 sanctions sua sponte.

Finally, the Court notes that even if it were to determine that a sanction should be imposed sua sponte, such a sanction could not include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," because attorney's fees can only be included in a sanction that is "imposed on

11

motion." Fed. R. Civ. P. 11(c)(4).  Thus, a sanction imposed sua sponte would be limited to "nonmonetary directives" or "an order to pay a penalty into court."  Id.; accord Baffa, 222 F.3d at 57; Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94-95 (2d Cir. 1999).

III.    CONCLUSION

For the foregoing reasons, the motion for Rule 11 sanctions (Docket # 31) is denied.

Dated: August 3, 2010
New York, New York

```
                                        _____
                                        GABRIEL W. GORENSTEIN
                                        United States Magistrate Judge
```

motion." Fed. R. Civ. P. 11(c)(4). Thus, a sanction imposed sua sponte would be limited to "nonmonetary directives" or "an order to pay a penalty into court." Id.; accord Baffa, 222 F.3d at 57; Nuwesra v. Merrill Lynch, Fenner & Smith, Inc., 174 F.3d 87, 94-95 (2d Cir. 1999).

III. CONCLUSION

For the foregoing reasons, the motion for Rule 11 sanctions (Docket # 31) is denied.

Dated: August 3, 2010
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge