UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERTO CASTRO,

                Plaintiff,

       -against-

THE CITY OF NEW YORK & THE DEPARTMENT
OF EDUCATION OF THE CITY OF NEW YORK,
TOM    MITCHELL,    DAVID      RODRIGUEZ.
INDIVIDUALLY AND IN THEIR CAPACITIES AS
SUPERVISORS    &    SERVICE    EMPLOYEE
INTERNATIONAL, UNION LOCAL 74,[1]

                Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED**
**REQUEST TO CHARGE**

09 Civ. 3754 (PAE)(GWG)

        Defendants herein, by their attorney, Michael A. Cardozo, Corporation Counsel of

the City of New York, pursuant to Rule 51 of the Federal Rules of Civil Procedure, and pursuant

to the Individual Motion Practices of the Honorable Paul A. Engelmayer, respectfully request

that the Court give the following instructions to the jury.

### ***Introductory Remarks***

        I repeat my thanks and that of the parties and their attorneys for your patience and

attention. We all recognize the personal inconvenience you have undergone and extend, again,

our appreciation to you for your service.

---

[1]    The sole remaining defendant, The New York City Department of Education, is submitting
herewith a motion to amend the caption to conform with the summary judgment decision of the
Honorable William H. Pawley, USDJ, which dismissed all claims against defendants Tom
Mitchell and David Rodriguez.  *See* Memorandum & Order, filed Aug. 25, 2011, Dkt # 62, at p.
6 (hereinafter "SJ decision").

As I told you at the beginning of the trial, the trial judge instructs jurors on the law that they are to apply to the case, and the jurors are bound to accept those instructions even though they may feel that the law should be different from what the judge says it is. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should also not single out any instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole. You must accept the law as I state it to you and apply that law to the facts as you find them.

### *Conduct of Jurors*

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy for or against the plaintiff or defendant. All parties stand as equals before the bar of justice. You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party. (See METI, Instructions 71-4 and 71-10.)

### *Role of the Jury*

As I told you at the beginning of the trial, you are the sole and exclusive judges of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences to be drawn from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony.

With respect to any factual matters, your recollection and your recollection alone governs. Anything that counsel either for the plaintiff or defendant may have said with respect to matters in evidence, whether while questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence. So too, anything that I may have said

during the trial or may say during these instructions as to any factual matter is not to substitute for your own recollection or judgment.

During the trial, I have been called upon to make rulings on various questions. There may have been objections, or motions may have been made to strike answers. These are matters of law, and you should not consider them.

If at any time I instructed you to disregard anything that was said, you must follow that instruction. If at any time I instructed you that the parties stipulated that a fact was true, you must accept that fact as true. The fact that, at other times, I may have asked questions of witnesses does not indicate any feeling of mine about the facts one way or the other. My comments were intended only to clarify the issue at hand; it will be your judgment of the evidence that exclusively governs.

### *Evidence*

What, then, does the evidence that you are about to consider consist of? The evidence in this case consists of the sworn testimony of all the witnesses, no matter which side called them, together with the exhibits which I have admitted in evidence.

Now, questions are not evidence. The evidence is the answers. The questions are useful only to the extent that they permit you to understand the meaning and significance of the answers. The exhibits received in evidence are also evidence. Any evidence as to which an objection was sustained by me and any answer or argument that I ordered to be stricken out and disregarded by you must be disregarded by you in its entirety because I have ruled that as a matter of law it is not evidence in this case.

Now, in assessing whether any party proved something, you are instructed that you need not rely totally on direct evidence, or statements by a witness that he or she knows something by virtue of his or her own senses -- because he or she saw, felt or heard something.

The law also permits inferences to be drawn by you from all the surrounding facts of a given situation. This is referred to as circumstantial evidence, as distinguished from direct evidence.

In the case of circumstantial evidence, proof is given of facts and circumstances, from which one may infer other connected facts that reasonably follow in our common experience as inhabitants of this earth. It is applying reason and common sense based upon facts established to your satisfaction. In simple terms, you reason from an established fact to another fact as a logical consequence.

I will give you an example of circumstantial evidence. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella which is dripping wet. Somebody else then walks in with a raincoat which is dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. All evidence is important, and you should, of course, consider all evidence, whether direct or circumstantial, in making your decision.

[Authority: MHI, Instructions 74-1 and 74-2; United States Postal Serv. Bd. Of Governors v. Aikens, 460 U.S. 711 (1983).]

### *Credibility of Witnesses*

You, the jurors, are the sole judges of the credibility and truthfulness of any witness and the weight the testimony of that witness deserves. You should scrutinize the testimony that a witness gives and every matter in evidence in the case that tends to indicate whether the testimony is worthy of belief. Here again you are expected to use your common sense. Did the witness impress you as honest, open and candid? Or did the witness appear evasive or as though they were trying to hide something? How responsive was the witness to questions posed on direct examination and cross examination?

You may consider the motive of the witness, and the demeanor of the witness, that is to say, the manner in which he or she gives testimony on the stand. You should consider the opportunity that the witness had to observe the facts concerning which the witness testifies, the plausibility, probability or improbability of the testimony in the light of all the facts in the case, and you should also consider any relationship that the witness may have to either side of the case or the manner in which any witness may be affected by, or interested, in the verdict.

There is no magic formula to evaluate the truthfulness of witnesses. In your everyday affairs, each of you determines for yourself the reliability of statements made to you by other people and those same tests that you use in your everyday dealings should be applied in your jury deliberations. You use common sense, you rely on your human experience.

If you find that a particular witness has testified falsely in any one material part of his or her testimony, you may look with distrust upon the other evidence given by that witness. And if you find any witness testified in a manner that is willfully and intentionally false, you may disregard all evidence given by that witness or you may accept that part you do believe and disregard that part you believe is false.

[Authority: MFJI, Instruction 76-1.]

- 5 -

### *Prior Inconsistent Statements*

A witness may be discredited or "impeached" by contradictory evidence, that is, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

It is for you to determine whether a prior statement was inconsistent and whether any such inconsistency is significant or inconsequential. Furthermore, if you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves. (See: MFJI, Instruction 76-5.)

### **Interested Witnesses**

The plaintiff has testified before you at trial.  As a party to this lawsuit, plaintiff is an interested witness.  The defendant is also interested witnesses.  Other witnesses may also have a lesser degree of interest in the outcome of the case.

You may consider a witness' degree of interest or lack of interest in the outcome of the case in evaluating his or her testimony.  Now, a witness who is interested is not necessarily unworthy of belief.  The interest of a witness, however, is a factor or possible motive you may consider in determining the weight and credibility to be given to his or her testimony.  In short, it is for you to determine from your observations, and using your common sense and experience and all the other factors previously mentioned in these instructions about determining the truthfulness of witnesses, whether or not the possible interest of any witness is such that he or she is likely, intentionally or unintentionally, to distort his or her testimony.  See MFJI, Instruction 76-3.

### *Deposition Testimony*

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial. (Se: MFJI, Instruction 74-14.]

### *Burden of Proof*

Bear in mind that the mere fact that the plaintiff has filed a lawsuit and proceeded to trial does not necessarily mean that his allegations have merit. In a civil case, such as this one, a plaintiff has the burden of establishing all the elements of his case by a preponderance of the credible evidence. Now, I know some of you may have served in criminal cases as jurors or you may have watched movies, stage plays and television shows dealing with such cases. You have heard the expression "proof beyond a reasonable doubt." Members of the jury, that standard does not apply in a civil case. Put out of your mind any discussion you have heard about proof beyond a reasonable doubt. A plaintiffs proof on each issue of his case must appear to your satisfaction to be by a preponderance of the credible evidence.

The credible evidence means the testimony or exhibits that you find worthy to be believed. A preponderance means a greater part of it. That does not mean the greater number of witnesses or how much time either side employs in the trial. Rather, the phrase refers to the quality of the evidence, its weight or significance, and the effect it has on your minds.

The law requires that in order for a party to prevail on an issue as to which the party has the burden of proof, the evidence that supports the party's claim on that issue must appeal to you as more nearly representing what took place than the evidence opposed to that

contention. If it does not, or if the evidence weighs so evenly that you are unable to say, you must resolve the question against the party that has the burden of proof, in this case, against the plaintiff and in favor of the defendants.

We often say that evidence is to be weighted on scales, and if you find that the evidence on any issue is balanced evenly, equally in favor of the plaintiff and the defendant, that is to say, if the scales are evenly balanced, then the plaintiff, who have the burden of proof in this case, would not have sustained his burden and the case must be decided in favor of the defendant. However, if the scales tilt in favor of the plaintiff, that would constitute a preponderance of the credible evidence and the legal burden of proof would be satisfied. In that instance, the case must be decided in favor of the plaintiff. Similarly, if the scales tilt in favor of the defendant, then the case must be decided in favor of the defendant.

Plaintiff bears the burden of proving every essential element of his claims as to the defendant by a preponderance of the evidence. If you find that any one of the required elements of the plaintiff's claims has not been proven by a preponderance of the evidence as to the defendant, you must return a verdict for the defendants. (See MEW, Instruction 73-2; Adapted from Jury Charge of the Honorable Harold Baer, Jr. in Hayes v. McGhee, No. 94 Civ. 6766 (HB) (S.D.N.Y. Apr. 30, 1997).)

### *Nature of Claims*

I am now going to instruct you on the substantive law to be applied to plaintiff's various claims in this lawsuit. As you know, plaintiff is this case is Roberto Castro, a former custodian worked at the New York City Department of Education's P.S. 173. Plaintiff alleges that his supervisor discriminated against him based upon his age and national origin.[2] Specifically,

---

[2]   Defendant is submitting herewith a motion to dismiss plaintiff's ADEA claim, because the sole adverse employment actions that were left to adjudicate were plaintiff's claim that he "was

plaintiff claims that he was given more work than young and non-Dominican employees.

### *Alleged Discrimination Claim*

Plaintiff's claim of discrimination based on his age is brought pursuant to federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34 (hereinafter plaintiff's "age claim"), and his claim of discrimination based upon his national origin is brought pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter plaintiff's "national origin claim"). These statutes make it unlawful for an employer to discriminate against an employee on the basis of a person's age (if the person is over the age of 40) or on the basis of a person's national origin.

## Elements of the Claim

The same basic analysis applies to each of these claims. *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003)); *see also Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000)* ("[W]e analyze ADEA claims under the same framework as claims brought pursuant to Title VII." (internal quotation omitted). For both plaintiff's age and national origin claims he must establish discrimination by showing that (i) he is a member of protected class; (ii) who performed his job satisfactory; (iii) who suffered an adverse employment action; (iv) under circumstances giving rise to an inference of discrimination. Cedeno v. New York City Transit Authority, 2002 U.S. App. LEXIS 23106, **3 (2d Cir. 2002). In order for plaintiff to prove a case of age or national origin discrimination, plaintiff must prove each of the following elements by a preponderance of the evidence:

---

consistently assigned disproportionally more [unfavorable] tasks than his co-workers." *See* SJ decision at p. 9   Because the ADEA does not provide for recovery of any emotional damages, [need cite] and because any claim of constructive discharge has already been dismissed (*see* SJ decision at p. 10), there can be no recovery under the ADEA for the alleged adverse employment actions that remain to be adjudicated.   Nevertheless, for the purposes of this submission of defendant's proposed jury instructions, defendant will include references to plaintiff's ADEA claim.

1.    Plaintiff is a protected individual within the meaning
      of the law

2.    Plaintiff suffered an adverse employment action, as I will define for
      you;

3.    Plaintiff suffered the adverse employment action because of his age
      and/or national origin.

**First Element – Protected Individual**

It is not in dispute that plaintiff is over the age of 40 and his national origin in

Dominican.

**Second Element – Adverse Employment Action**

You must determine if plaintiff was subjected to an adverse employment action.

Here, plaintiff claims that he was assigned to more work than others, and the additional work

rises to the level of an "adverse employment action."

An employment action rises to an "adverse employment action" when a plaintiff

has suffered a materially adverse change in the terms and conditions of employment. <u>Galabaya

v. New York City Board of Education</u>, 202 F. 3d 636, 640 (2d Cir. 2002). However,

> Everyday workplace grievances, disappointments,
> and setbacks do not constitute adverse employment
> action…Instead, an actionable adverse employment
> action is 'a materially significant disadvantage with
> respect to the terms of [plaintiff's] employment…,
> such as termination of employment, a demotion…a
> less distinguished title, a material loss of benefits,
> significantly          diminished          material
> responsibilities….'

<u>La Grande v. Decrescente Distributing Co, Inc</u>., 2010 U.S. App. Lexis 5925, **9, 10 (2d Cir.

2010).  Thus, to prove that he was subjected to an adverse employment action, plaintiff must

show more than a mere inconvenience or alteration of his job responsibilities.  <u>*Galabaya v. New

York City Board of Education*</u>, 202 F.3d 636, 640 (2d Cir. 2000); <u>*see* *also* *Richardson v. New*</u>

_York State Department of Correctional Services_, 18- F. 3d 426, 446 (2d Cir. 1999).  Some examples of an adverse employment action are being fired, being demoted with a decrease in salary, being demoted to a less distinguished title, and being given significantly reduced job responsibilities.  [_Monica v. New York City OTB_, 1995 U.S. Dist. LEXIS 3350, aff'd, 100 F.3d 941 (2d Cir. 1996), _citing_ _Crady v. Liberty National Bank and Trust of Indiana_, 993 F.2d 132, 136 (7th Cir. 1993); _see also_ _Castro v. New York City Board of Education_, 1998 U.S. Dist. LEXIS 2863 (S.D.N.Y. 1998) ("a materially adverse change is typically indicated by dismissal, diminution of wages, or diminished opportunities for professional growth."; _Garber v. New York City Police Department_, 1997 U.S. Dist. LEXIS 12590 (S.D.N.Y. 1997), aff'd, 1998 U.S. App. LEXIS 20181 (unhappiness and dissatisfaction does not support a claim of adverse employment action)]

Moreover, employment decisions of being assigned duties within an employees' job title and description are within the discretion of management and do not constitute adverse employment actions.[3] Ochei v. All Care / Onward Healthcare, 2009 U.S. Dist. LEXIS 28993, *21-25 (S.D.N.Y. 2009); Hubbard v. Port Authority of New York & New Jersey, U.S. Dist. LEXIS 12316, *36 (S.D.N.Y. 2008).

Further, a person's subjective views do not establish the existence of an adverse employment action.  The mere fact that an employee has been transferred or that his or her job responsibilities have changed is not sufficient in itself to show and adverse change in working conditions." _Cooper v. N.Y.S. Dept. of Human Rights_, 986 F. Supp. 825, 828 (S.D.N.Y. 1997); _see also_, _Ticali v. Roman Cathololic Diocese of Brooklyn_, 41 F.Supp.2d 249, 264 (E.D.N.Y. 1999) ("A preference for one position over another, however, is not sufficient to show an adverse

---

[3]   We note that neither plaintiff nor his union ever filed a grievance on behalf of plaintiff claiming violation of plaintiff's collective bargaining agreement.  See DOE Defs.' 56.1, ¶59.

change in working conditions."). A lateral transfer that does not involve a demotion in form or substance cannot rise to the level of a materially adverse employment action. This is so because otherwise, every trivial personnel action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit. *See* *Armfield v. Jacobson*, 1998 U.S. Dist. Lexis 1629, at 8 (E.D.N.Y. 1998). "Changes in duties or working conditions that cause no materially significant disadvantages . . . are insufficient to establish the adverse conduct" required. *Harelston v. McDonnel Douglas Corp.*, 37 F3d 379, 382 (8th Cir. 1994) (plaintiff was reassigned to a job that "required fewer secretarial duties and was more stressful in that she had to watch the door, listen for the fax, and be in charge of security for people coming in and out of the area. This describes nothing more 'disruptive than mere inconvenience or an alteration of job responsibilities.'") Additionally, not getting the assignment one prefers is also not an adverse employment action. *See* *Bunis v. Runyon,* 1997 WL 639241 (S.D.N.Y.); *Garber v. New York City Police Dept.*, 1997 WL 525396.

You must now consider the specific employment actions that plaintiff has asserted would actually constitute "adverse employment actions" and evaluate those employment actions based on the law I have given you, to determine whether any of these specific employment actions would actually constitute "adverse employment actions." If you conclude that the actions complained of by plaintiff do not constitute an adverse employment action, then you must find for the defendant and find that plaintiff has not established a claim of age or national origin discrimination. If, however, you conclude that the actions complained of by plaintiff would constitute an adverse employment action, you must then consider the fourth element of "causal connection": whether the adverse employment action occurred under circumstances that give rise to an inference of discrimination. [Authority: *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993);

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Thornley v. Penton Publ'g Inc.*, 104 F.3d 26 (2d Cir. 1997); *De La Cruz v. City of New York*, 82 F.3d 16 (2d Cir. 1996), *cert. denied*, 519 U.S. 805 (1996); *Sumner v. United States Postal Serv.*, 899 F.2d 203 (2d Cir. 1990).]

**Third Element – Causal Connection**

The last element plaintiff must prove by a preponderance of the credible evidence, is that there was a causal connection between the adverse employment action and plaintiff's age or national origin. What this means is that plaintiff must prove that the defendant acted *because* of plaintiff's age or his national origin

This means that the plaintiff's age or national origin was a motivating factor that contributed to the decision to take the alleged adverse employment action against plaintiff. Thus, this element is **not** satisfied if you find that the defendant would have treated plaintiff the same way (i.e., given him the same tasks to perform) regardless of his age or national origin.

In order for plaintiff's age or national origin to have been a motivating factor in defendant's decision to take an adverse employment action against plaintiff, the plaintiff must prove that defendant acted with animus as a result of his age or national origin. An employer may not take an adverse action against an employee because of his age or national origin, but may discipline an employee for unacceptable behavior in the workplace.

You should also keep in mind that a defendant may have made the decision to assign certain work to plaintiff for a number of reasons. If so, then you must determine whether a substantial reason was because of plaintiff's age or national origin.

Defendant contends that there were legitimate, non-discriminatory reasons for the action taken. Please keep in mind your role is not to second-guess whether defendant made the

right decision, the wrong decision, a mean decision, or otherwise substitute your judgment for that of the defendant. Bear in mind, the question is not whether the defendant showed poor or erroneous judgment.   You are not to judge a defendant's wisdom.   A defendant is entitled to make an employment decision for a good reason, a bad reason, or no reason at all, so long as their action was not based on discrimination against plaintiff because of his age or national origin.  *See* *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal.")

Plaintiff's own subjective belief that he was discriminated against is not enough to meet his burden of proving that the defendant's articulated reasons for his or her actions are a pretext for discrimination.   In other words, plaintiff's subjective belief, feelings, suspicions or speculation are insufficient to establish that the stated reasons are untrue. See Taylor v. Polygram Records, 94 Civ. 7689 (CSH), 1999 U.S. Dist. LEXIS 2583, at *46 (S.D.N.Y. Mar. 5, 1999) (holding that plaintiff's belief that she was discriminated against, "based on no evidence other than gut instinct," cannot support inference of discrimination), and cases cited therein.

Moreover, plaintiff cannot prevail merely by showing that he was treated in a way that he or others might think is unfair.   You are not to judge the defendant's standard of qualification, or of expected performance in the position plaintiff occupied.   Even if plaintiff has shown that defendant misjudged his qualifications or misjudged his performance or were unfair or not nice, or mean, or that defendant's articulated reason for transferring plaintiff from his position were ill-advised – all of that is not sufficient to meet plaintiff's burden to prove that defendant's explanation is a pretext for discrimination.   An employer is entitled to make an employment

decision for a good reason, a bad reason, or no reason at all, so long as the decision is not motivated by plaintiff's protected speech. See Mt. Healthy, 429 U.S. at 287.

An employer has the right to assign a particular job to an employee, to discipline an employee, or even to discharge an employee for any reason or no reason at all so long as discrimination is not the substantial reason. See Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal.") Plaintiff has the burden of proving by a preponderance of the evidence that the reasons offered by a given defendant for his or her actions were not the real reasons, and that the real reason was unlawful discrimination or retaliation. Sumner v. United States Postal Service, 899 F.2d 203, 209 (2d Cir. 1990). If you find that plaintiff has failed to prove: 1) that he suffered an adverse employment action; 2) that the reasons offered by the defendants to assign him the work complained of were not the real reasons for its actions; and 3) that these reasons were a pretext for unlawful discrimination, then you must find for the defendant on both plaintiff's age and national origin discrimination claims.

## *DAMAGES*

**Compensatory Damages**

If you find that plaintiff has carried his burden of proving, by a preponderance of the evidence, on any of his claims, as I have described above, then, and only then, may you consider the amount of damages which will fairly and reasonably compensate plaintiff for those injuries he has proven as a result of that particular act of discrimination or retaliation. [Authority: The Honorable William C. Connor's Jury Instructions in Bell v. Maxwell, 83 Civ. 7415 (WCC)].

The fact that I am giving you instructions on the subject of damages should not be construed by you as indicating that I believe you should find for the plaintiff. That's entirely up to you. As a judge, I am required to instruct all juries on damages in all cases whether or not there is merit to a plaintiff's claims.

Plaintiff seeks compensatory, in other words emotional, damages for alleged mental pain and suffering, that he claims arose from discrimination by the defendant. Compensatory damages are damages which compensate the plaintiff for the emotional injuries which a defendant wrongfully caused him. They are damages which fairly and reasonably compensate plaintiff for emotional pain and suffering that he has proven he sustained as a result of the defendant's allegedly wrongful acts. [Authority: Bell, supra].

You may award compensatory damages to plaintiff only if he proves, by a preponderance of the evidence, that his pain and suffering was actually caused by discrimination or retaliation, as previously discussed. In other words, it is not enough that plaintiff suffered mental pain as a result of being assigned to do certain work; he must also prove that the suffering resulted from intentional discrimination, and not some legitimate non-discriminatory reason. In other words, a legitimately motivated assignment of work of an employee might cause them mental pain. Plaintiff can only recover damages for this suffering if, in fact, these actions were discriminatory. If you find that plaintiff suffered mental pain as a result of the assignment of work, but do not find that he has proven that these actions were discriminatory or retaliatory, then you should not award him any damages for this mental pain. {Authority: Sands, Modern Federal Jury Instructions, § 87-25].

If you believe that the plaintiff's pain and suffering was caused by some other action or event, you may not award compensatory damages. This is true even if you believe that

the other employment action or event was wrongful or illegal.  [Authority: Sands, <u>Modern Federal Jury Instructions</u>, § 87-25].

I cannot give you a yardstick by which to measure the dollar value of compensatory damages, should you choose to award them.  You must determine, based on your common sense and experience, the amount of money which will fairly and reasonably make plaintiff whole, or compensate him for the mental anguish that he says he sustained as a consequence of defendant's acts.  Bear in mind, the damages must be reasonable.  <u>Bell</u>, <u>Supra</u>.  Moreover, they must be based on the claim and evidence in this case.  You cannot consider any potential claims beyond those asserted in this case in assessing damages.  You are only here to decide liability and damages for the claims before you.

**Nominal Damages**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages as described above, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendants of a right, but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of a defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

### *Mitigation of Damages*

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or

minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

Ifyou find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.

Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff s damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiffs conduct was not reasonable.

### *Attorney's Fees*

Federal Law provides for a separate award of attorneys' fees when a party prevails in a case involving discrimination. The award of attorneys` fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to plaintiff, you should not award him any extra money based on the belief that he may have to pay his attorney.

The Court will fix a separate sum of money to be paid by defendant to plaintiff's attorney, if the plaintiff prevails.

### ***Closing Instructions***

I have now outlined for you the rules of law applicable to the claim in this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes you will retire to the jury for your deliberations.

Traditionally, juror number one acts as foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, the foreperson's vote is not entitled to any greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.

It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors: well and truly to try the issues of this case and a true verdict render.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the

jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally herein open court.

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see all or some of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or see trial transcripts of certain portions of the testimony, I will call you into court and have the court reporter read those portions of the testimony to you or send the requested portions of the trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that you be specific in your requests so as to avoid hearing or reading testimony that you do not need to assist you in your deliberations.

If, in the course of your deliberations, you wish further help as to the law, or if you wish to hear any further explanation as to the law, you may send me a note telling me what you would like.

Bear in mind also that you are not to reveal to any person — not even in open court — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict. Any verdict you reach must be unanimous.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is.

Your verdict will be organized according to what is called a verdict sheet. I am about to pass out copies of that verdict sheet to you now. When you receive a copy' you will see that the verdict sheet is a questionnaire, which lists the following questions.

When you have completed the verdict sheet, then you will sign your names, the form will be marked as a Court Exhibit and the verdict sheet will then form the basis for the verdict that you deliver.

Dated:      New York, New York
            November 7, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
    Attorney for Defendant
100 Church Street, Room 2-138
New York, New York 10007
 (212) 788-6760

By:    _____
       Jessica Giambrone
       Assistant Corporation Counsel
       jgiambro@law.nyc.gov

- 21 -