USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
ROBERTO CASTRO, :
: 09 Civ. 3754 (PAE)
Plaintiff, :
: OPINION AND ORDER
-v- :
:
THE DEPARTMENT OF EDUCATION OF THE CITY :
OF NEW YORK, :
:
Defendant. :
:
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed defendant's memorandum of law, dated March 1, 2012, in support of its second motion *in limine*. Plaintiff did not respond to that motion. The Court's rulings are as follows:

1. The motion to exclude plaintiff's Exhibits 2, 3, 4, and 6 is granted. As narrowed by Judge Pauley's decision on summary judgment and this Court's February 23, 2012 ruling on the first round of motions in limine, the sole remaining claim in this case, which is scheduled for trial on April 9, 2012, is whether plaintiff was assigned disproportionately more work, or different work, than his coworkers, on account of national origin discrimination. Thus, evidence of plaintiff's reasons for ceasing employment or post-employment medical, psychological, or economic circumstances, is irrelevant. These exhibits, however, solely relate to such subjects, including plaintiff's allegation, dismissed by Judge Pauley, that he was required to abandon his job on May 9, 2006: Exhibit 2 contains various materials relating to plaintiff's workers' compensation claim; Exhibit 3 contains various materials relating to plaintiff's post-employment

1

Social Security disability benefits application and award; Exhibit 4 contains plaintiff's income tax returns for the years 2005 and 2006; and Exhibit 6 contains plaintiff's post-employment medical records. Such evidence is irrelevant to the narrow claim remaining in the case.

2. As to plaintiff's Exhibit 1, the motion to exclude it is also granted. Exhibit 1 consists of a set of short letters attesting to Mr. Castro's work qualifications. These letters are hearsay. Plaintiff has not proffered any argument explaining why these letters are admissible other than for the truth of the matter asserted (*e.g.*, to impeach anticipated contrary testimony by the letter writer, or to establish notice of a relevant fact). If plaintiff believes there is a basis for admission of these letters other than to prove the truth of the matter asserted, he is directed to notify the Court, by letter copied to defendant's counsel, by the close of business on Monday, March 12, 2012, and the Court will reconsider this ruling.

3. As to plaintiff's Exhibit 5, the motion to exclude it is also granted, but with the following qualifications. Exhibit 5 consists of testimony from an administrative hearing before the State Division of Human Rights arising out of a complaint filed by plaintiff. Plaintiff has not specified any particular portion of this testimony that he wishes to offer. To the extent plaintiff proposes to offer excerpts of this testimony as substantive evidence at trial, it is excluded, except insofar as admission at trial complies with the requirements of Fed. R. Evid. 801(d)(1)(A). To the extent plaintiff proposes to offer excerpts of this testimony to impeach the trial testimony of a witness (*e.g.*, Lydia Rivera), the Court reserves judgment on such application until it is clear precisely what excerpt is being offered and whether that excerpt is, in fact, proper impeachment evidence in light of the witness's trial testimony.

4. As to plaintiff's Exhibit 7, the motion to exclude it is granted. Exhibit 7 consists of various employment records, including records relating to plaintiff's sick and vacation leave, a

jury duty summons, a memorandum regarding asbestos training, plaintiff's W-4 form, and results of plaintiff's 1998 test for tuberculosis. Plaintiff has not proffered any basis on which these records are relevant to the claim to be tried. If plaintiff believes there is a basis for admission of any of these documents, he is directed to notify the Court, by letter copied to defendant's counsel, by the close of business on Monday, March 12, 2012, and the Court will reconsider this ruling as to any specific document for which plaintiff articulates a basis for admission.

5. Defendant seeks to admit the testimony of Gilberto DeJesus, a cleaner at P.S. 173 of Dominican descent, to rebut the claim that supervisor David Rodriguez assigned more work to plaintiff because of plaintiff's national origin (also Dominican). As proffered by the defendant, DeJesus was plaintiff's successor—following the cessation of plaintiff's employment in May 2006, DeJesus worked the same cleaning shift at P.S. 173 as plaintiff had, and was supervised by Rodriguez. The Court will exclude this testimony. Although there are similarities between plaintiff and DeJesus, including sharing the same job, the same supervisor, and the same national origin, there is a fundamental difference between the two. Shortly after DeJesus commenced work, plaintiff (in June 2006) filed a complaint with the State Division of Human Rights regarding alleged workplace discrimination. Under these circumstances, Rodriguez had an obvious motive to correct his allegedly illegal behavior and conceal any animus he may have had toward persons of Dominican descent. This makes DeJesus's proffered testimony that Rodriguez exhibited no discriminatory behavior or animus significantly less probative. Further, this testimony would likely open the door to testimony about plaintiff's post-employment complaint to the State Division of Human Rights, a subject which may well otherwise be inadmissible at trial. Accordingly, the Court exercises its discretion under Fed. R. Evid. 403 to

3

the exclude this testimony, on the grounds that its limited probative value is substantially outweighed by the risk of unfair prejudice, confusion, and delay.

A final pretrial conference in this case is scheduled for April 2, 2012, at 11:00 a.m. in Courtroom 18C at the U.S. Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 8, 2012
   New York, New York